# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH L. BURNS,

    Plaintiff,

v.

Case No. 10-11957
Hon. Lawrence P. Zatkoff

UNUM GROUP, a foreign profit corporation
organized in the State of Delaware,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 26, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's motion to remand to state court [dkt 3]. Defendant has responded to the motion, and the time period for Plaintiff to file a reply brief has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

### II. BACKGROUND

Plaintiff originally filed this action in the St. Clair County Circuit Court, alleging that Defendant breached an insurance policy when it failed to pay insurance disability benefit payments that Plaintiff was entitled to under the insurance policy. Plaintiff is a resident of St. Clair County,

Michigan. Defendant is a foreign corporation formed under the laws of the State of Delaware and is licensed to conduct business within the State of Michigan. The insurance policy in question provided $5,200 per month for Plaintiff's disability, and an additional $2,000 per month for disability plus, as that term is defined in the insurance policy. On or about February 13, 2009, Plaintiff experienced medical problems because of a medical condition with his spine. On August 25, 2009, Plaintiff timely notified Defendant that Plaintiff had become disabled. Defendant denied liability, thus prompting Plaintiff to file this action.

Plaintiff's complaint alleges state-law breach of contract, violation of the Michigan insurance code for Defendant's failure to timely pay requested insurance proceeds, state-law detrimental reliance, and state-law bad faith on behalf of Defendant's failure to pay. Specifically, Plaintiff's complaint requests $7,200 per a month from June 14, 2008—the date on which Plaintiff became disabled—to April 7, 2010, the date on which Plaintiff filed this action. Plaintiff also requests twelve percent penalty interest on the damages pursuant to Mich. Comp. Laws § 600.2006.

Defendant timely removed this action to federal court based on diversity of citizenship and federal question jurisdiction.[1] In filing its notice of removal, Defendant represented that there is complete diversity between the parties because Plaintiff is a citizen of the State of Michigan and Defendant is a foreign corporation with neither its headquarters nor its principal place of business in the State of Michigan. Plaintiff does not contest that the parties are diverse. Rather Plaintiff now moves to remand the action to state court on the basis that his claims do not meet the $75,000 amount in controversy requirement.

---

[1] The Court does not address either party's arguments regarding whether the Court has federal question jurisdiction over the action because the Court finds its jurisdiction was properly invoked pursuant to diversity of citizenship. *See* 28 U.S.C. § 1332(a).

### III. LEGAL STANDARD

To avoid an order of remand where jurisdiction is based on the diversity of the parties, a removing defendant must prove that the plaintiff's damages will more likely than not exceed the jurisdictional minimum of $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). To do so, the Court must consider the complaint at the time of removal. *See id*.

### IV. ANALYSIS

In compliance with E.D. Mich. L.R. 81.1(d), Plaintiff's signed statement of damages indicates that damages equal $72,000, comprising $52,000 of disability benefits and $20,000 of disability plus benefits. Defendant contends that the nature of Plaintiff's claims indicate that damages would exceed $75,000 if Defendant is found to be liable.

Considering the merits of Plaintiff's claims, the Court finds that it is more likely than not that Plaintiff's damages would exceed $75,000 if Defendant is found liable to Plaintiff. While Plaintiff argues that the amount in controversy must be determined from the face of the complaint, Defendant accurately counters that the law in the Sixth Circuit instructs a court to determine diversity jurisdiction at the time of removal. *See Mercer v. Kraft Foods Global, Inc.*, No. 09-783, 2010 WL 518164, at *10 (S.D. Ohio, Feb. 4, 2010) (determining that the court considers the damages sough in plaintiff's complaint at the time of removal when the court's diversity jurisdiction has been invoked)*; compare Michigan Southern R.R. v. Branch & St. Joseph Cnties. Rail Users Ass'n., Inc.,* 287 F.3d 568, 573 (6th Cir. 2002) (noting that federal question jurisdiction is established from the plaintiff's well-pleaded complaint).

Here, Plaintiff's complaint alleges that he is entitled to benefits of "7,200 per month accruing

as of June 14, 2009." Reviewing the amount in controversy at the date of removal, at least eleven months of unpaid benefits had accrued at that time, meaning Plaintiff's requested damages exceed $79,000. Moreover, Plaintiff is seeking a twelve percent penalty interest pursuant to Mich. Comp. Laws § 600.2006, consequential damages, such as additional living expenses, expert fees, and attorney fees, and non-contractual damages for bad faith on the part of Defendant.

The Court finds that based on Plaintiff's complaint at the time of removal, it is more likely than not that there is at least $75,000 in controversy, and that the parties are diverse. Therefore, the Court concludes that this action was properly removed, and it will deny Plaintiff's motion to remand.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand to state court [dkt 3] is DENIED.

IT IS SO ORDERED.

Date: October 26, 2010

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE