UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L. BURNS,

    Plaintiff,

v.

    Case No. 10-11957
    Hon. Lawrence P. Zatkoff

UNUM GROUP, a foreign profit corporation
organized in the State of Delaware,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 15, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Unum Group's Motion to Dismiss for Failure to State a Claim [dkt 2]. Plaintiff responded to the motion and Defendant replied to Plaintiff's response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and that the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For reasons set forth below, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Plaintiff originally filed this action in the St. Clair County Circuit Court, alleging that Defendant breached an insurance policy when it failed to pay insurance disability benefit payments

that Plaintiff was entitled to under the insurance policy. Plaintiff is a resident of St. Clair County, Michigan. Defendant is an insurance corporation formed under the laws of the State of Delaware and is licensed to conduct business within the State of Michigan. Plaintiff and Defendant entered into a written contract for disability insurance (policy No. LAR349041), which provided coverage from May 17, 1996 to this present time. The parties dispute whether the insurance policy is an employer-based policy a part of a group or an individual policy. The insurance policy provided two types of payment—disability income benefit and disability plus benefit. Disability income benefit provided a maximum benefit of $5,200 per month for Plaintiff's disability, and disability plus benefit provided an additional maximum benefit of $2,000 per month. On or about February 13, 2009, Plaintiff experienced medical problems with his spine. On August 25, 2009, Plaintiff timely notified Defendant that Plaintiff had become disabled. Defendant denied liability, thus prompting Plaintiff to file this action.

Plaintiff's complaint alleges state-law breach of contract, violation of the Michigan insurance code for Defendant's failure to timely pay requested insurance proceeds, state-law detrimental reliance, and state-law bad faith on behalf of Defendant's failure to pay. Defendant timely removed this action to federal court based on diversity of citizenship and federal-question jurisdiction. The Court denied Plaintiff's motion to remand the action to state court because the jurisdictional requirements for diversity of citizenship are met. At that point, the Court did not determine whether federal-question jurisdiction existed based on Defendant's arguments that the insurance policy is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* In this motion, Defendant moves to dismiss Plaintiff's state-law claims because they are preempted by ERISA and they fail to state a claim under Michigan law for which this Court can grant relief.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a Plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV. ANALYSIS

As a preliminary matter, Plaintiff argues that the Court should strike Defendant's motion to dismiss and assess sanctions against Defendant for failure to comply with E.D. Mich. L.R. 7.1.(a), which requires a party to seek concurrence before filing a motion. Defendant concedes in its reply brief that it erred in failing to seek concurrence, but it was not attempting to thwart the Court's rules.

The Court finds imposing sanctions and striking Defendant's motion is unwarranted. *See Prieto v. Kalamazoo Metal Recyclers, Inc.*, No. 08-706, 2008 U.S. Dist. LEXIS 96437, at *9 n.3 (W.D. Mich. Nov. 26, 2008) ("[The] Court finds no need to impose any type of sanction based upon Defendants' technical violation."); *accord Giasson Aero. Sci., Inc. v. RCO Eng'g, Inc.*, No. 08-13667, 2009 U.S. Dist. LEXIS 40764, at *2–3 n.2 (E.D. Mich. May 14, 2009).

**A. APPLICABILITY OF ERISA**

ERISA applies to any employee welfare benefit plan if it is established or maintained by any employer or employee organization engaged in commerce, or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). An employee welfare benefit plan is:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1). The Sixth Circuit applies the following test to determine whether an insurance policy is an ERISA plan:

> First, the court must apply the so-called "safe harbor" regulation[] established by the Department of Labor to determine whether the program was exempt from ERISA. Second, the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." [Third], the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees.

*Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434–35 (6th Cir. 1996) (internal citations omitted).

4

**1.      Does the Safe Harbor Apply?**

If an employee insurance policy satisfies the following elements in the safe harbor regulation promulgated by the Department of Labor ("DOL"), the insurance policy is excluded from ERISA coverage:

> (1) the employer makes no contribution to the policy;
>
> (2) employee participation in the policy is completely voluntary;
>
> (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and
>
> (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction.

*Thompson*, 95 F.3d at 435 (citing 29 C.F.R. § 2510.3-1(j)). All four of the elements must be satisfied for the insurance policy to be excluded from ERISA coverage. *Id.* (citing *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 184 (6th Cir. 1992) (citations omitted).

Defendant's primary arguments that ERISA governs the insurance policy are that the first and third elements of the safe harbor regulation are not satisfied. In Plaintiff's response, he contends that he actually paid 100 percent of the premiums, not his employer, and that he purchased this single insurance policy on his own accord for his own coverage. The Court finds, after reviewing all four elements, that Plaintiff's factual allegations make it plausible that the insurance policy is excluded from ERISA coverage.

*a. First Element*

Defendant argues that the first element of the safe harbor regulation is not satisfied because Plaintiff's application for the insurance policy indicated his employer would pay 100 percent of the

premiums and that Plaintiff is not the sole shareholder of the corporate employer. To the contrary, Plaintiff asserts in his complaint that he paid 100 percent of the premiums. Therefore, the Court finds, taking Plaintiff's factual allegation as true, it is plausible that the first element is satisfied.[1]

### b. Third Element

The third element focuses on whether the employer has taken any actions that appear to "endorse" the plan. *See* 29 C.F.R. § 2510.3-1(j)(3). For employer endorsement to exist as described in the third element, *substantial employer involvement* in the creation or administration of a plan must be shown, not just facilitating the plan's availability. *Thompson,* 95 F.3d at 436. Defendant argues that the third element of the safe harbor regulation is not met because Plaintiff's employer has offended employer neutrality because of its substantial involvement. Plaintiff responds that the insurance policy does not mention Plaintiff's employer as an owner, insured, administrator, plan representative, or sponsor. *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 391 (6th Cir. 2009) ("[T]he proper framework for analyzing the third criterion was from the employees' point of view."). Defendant fails to provide specific allegations showing any involvement on behalf of Plaintiff's employer beyond the assertion that Plaintiff checked a box on his application showing that Plaintiff's employer would pay the insurance policy premiums. The Court finds, after examining all of the relevant factual allegations, that there is not a showing of substantial employer involvement in the administration of the insurance policy. *See DiMaria v. First UNUM Life Ins.*

---

[1] Defendant argues that other courts have disregarded a plaintiff's allegations that established that the employer did not pay the premiums without the plaintiff providing any other evidence then just the complaint. However, these courts' holdings were deciding motions brought under Fed. R. Civ. P. 56, not Fed. R. Civ. P. 12(b)6. *See Stone v. Disability Mgmt. Servs., Inc.*, 288 F. Supp. 2d 684, 691 (M.D. Pa. 2003); *Thomas v. Great Atlantic & Pacific Tea Co.*, 233 F.3d 326, 331 (5th Cir. 2000)).

6

*Co.*, No. 01-11413, 2003 U.S. Dist. LEXIS 7524, at *9–10 (S.D.N.Y. May 2, 2003) (citing *Thompson*, 95 F.3d at 429 (noting that the employers were not substantially involved when they only publicized plans with insurer-provided brochures and deducted premiums from an employee's payroll). Accordingly, the Court finds, taking Plaintiff's factual allegation as true, it is plausible that the third element is satisfied.

*c. Conclusion*

The Court finds that it is plausible that Plaintiff's claim is properly pleaded under state law as a claim of breach of the insurance policy and is excluded from ERISA. Defendant does not dispute the second or fourth element of the safe harbor regulation, solely resting on the arguments that the first and third elements are not satisfied. According to Plaintiff's allegations, he purchased the insurance policy on his own initiative and his employer does not render any services for the insurance policy. Finding that it is plausible that the second and fourth elements are also satisfied, the Court holds that it is plausible that all four elements of the safe harbor regulation have been met. Therefore, Defendant's motion to dismiss Plaintiff's state-law claims because they are pre-empted by ERISA is denied.

**B. FAILURE TO STATE A CLAIM UNDER MICHIGAN LAW**

In addition to pleading under Michigan law the breach of an insurance policy, Plaintiff also pleaded state-law claims for: (1) bad faith on behalf of Defendant's failure to pay his disability benefits, (2) violation of the Michigan insurance code for Defendant's failure to timely pay the requested disability benefits, and (3) promissory estoppel. Defendant contends that according to Michigan law, the state-law claims are not recognized as separate claims from Plaintiff's claim of breach of the insurance policy, and thus, should be dismissed. The Court agrees.

7

1. **Bad-Faith Claim**

Whether Plaintiff can maintain a claim for bad-faith breach of an insurance policy depends on whether the duty imposed on Defendant is separate and distinct from the underlying insurance policy. *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286–87 (Mich. Ct. App. 2006); *see also Roberts v. Auto-Owners Ins. Co*, 374 N.W.2d 905, 909-10 (Mich. 1985) (holding that tort actions survive in a contractual setting as long as the tort action is based on a breach of duty that is distinct from the contract); *Kewin v. Massachusetts Mut. Life Ins. Co*, 295 N.W.2d 50, 56–57 (Mich. 1980) (determining that tort actions may survive when an insurer breaches a duty that existed "independent of and apart from the contractual undertaking").

Plaintiff alleges in Count IV of his complaint that Defendant's conduct in refusing to make disability benefit payments according to the insurance policy or stating why it refused to make such payments was done in bad faith. Defendant argues that Plaintiff's claim of bad faith is based upon the same duties owed under the insurance policy that Plaintiff asserts in his claim of breach of contract. In reviewing, Plaintiff's complaint and response brief, he does not state factual allegations that the duty alleged in his bad-faith claim exists separate from the duty to pay disability benefit payments under the insurance policy. As such, Plaintiff's claim is dismissed for failure to state a claim upon which relief can be granted.

2. **Promissory Estoppel Claim**

A plaintiff must prove four elements to state a claim of promissory estoppel, which are:

> (1) a promise; (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact produced reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided.

*McDonnell Douglas Capital Corp. v. Marrero*, 505 N.W.2d 275, 278 (Mich. Ct. App. 1993); *see also State Bank of Standish v. Curry*, 500 N.W.2d 104, 107–08 (Mich. 1993). However, if the detrimental reliance element and the consideration of an insurance policy are based on the same performance by the defendant, a claim of promissory estoppel is not applicable. *See General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990) (applying Michigan law while sitting in diversity); *accord Green Leaf Nursery, Inc. v. Kmart Corp.*, No. 05-40162, 2006 U.S. Dist. LEXIS 16566, at *5–6 ( E.D. Mich. Feb. 28, 2006) (holding that promissory estoppel was not applicable because the damages sought by the plaintiff for the defendant's failure to perform under the purchase order contract was the same performance alleged in the promissory estoppel claim); *Audio Visual Equip. & Supplies, Inc. v. Cnty. of Wayne*, No. 06-10904, 2007 U.S. Dist. LEXIS 86941, *6–8 ( E.D. Mich. Nov. 27, 2007) (holding that the plaintiff's promissory estoppel claim failed because the performance to acquire and supply barricades specified in the purchase order was the same performance the consideration was based upon for the purchase order).

Here, Defendant argues, first, that the promissory estoppel claim must fail because the parties agree that an express written contract governs the dispute, and the performance that would satisfy Plaintiff's claim of promissory estoppel is the same performance that would satisfy Plaintiff's claim of breach of the insurance policy. Defendant further asserts that Plaintiff has failed to plead the claim with enough specificity.

Even assuming Plaintiff stated his promissory estoppel claim with enough specificity and definiteness, the Court finds that the same performance to satisfy the detrimental reliance element is the same performance that constitutes the consideration of the insurance policy. Plaintiff alleges in his complaint in Count III that his reliance was on "Defendant's express statements in the policy

9

of insurance." Plaintiff further states that "in exchange for his payment[,] . . . a contract and an expectation [was created] in Plaintiff that Defendant would act as promised." Therefore, the Court finds that Plaintiff's claim is dismissed for failure to state a claim upon which relief can be granted.

### 3. Mich. Comp. Laws § 500.2006 Penalty Interest Claim

Pursuant to Michigan's Unfair and Prohibited Trade Practices Act ("UTPA"), an insurance company must timely pay an insured the benefits provided under the terms of the insurance policy or pay an insured twelve percent penalty interest on the amount of the claim not timely paid. Mich. Comp. Laws § 500.2006. However, under Michigan law, an insured may not assert a separate claim for damages in addition to the penalty interest provided for by the UTPA. *Young v. Mich. Mut. Ins. Co.*, 362 N.W.2d 844, 846 (Mich. Ct. App. 1984) (holding that no private cause of action exists in tort for a violation of the UTPA); *see Crossley v. Allstate Ins. Co.*, 400 N.W.2d 625, 627 (Mich. Ct. App.1986) (holding that the plaintiff's allegation that the defendant's conduct constituted unfair trade practices under the UTPA failed because the UTPA already provides a comprehensive, exclusive scheme for relief).

Plaintiff alleges in his complaint in Count I that Defendant's breach of the insurance policy violates Mich. Comp. Laws § 500.2006. In addition to seeking the twelve percent interest provided under Mich. Comp. Laws § 500.2006, Plaintiff seeks damages for Defendant's violation of Mich. Comp. Laws § 500.2006. Defendant contends that Michigan law does not provide for Plaintiff to maintain this separate claim against it. Plaintiff does not provide any factual allegations or legal support that dispute Defendant's assertion. Reviewing Plaintiff's complaint, the Court agrees with Defendant. Therefore, the Court dismisses Plaintiff's claim to the extent he was seeking damages based on Mich. Comp. Laws § 500.2006 in addition to the statutorily provided penalty interest, thus

only a claim for penalty interest for the amount of the claim not timely paid remains.

## V. CONCLUSION

Accordingly, and for the reasons stated above, IT IS HEREBY ORDERED that Defendant's motion to dismiss for failure to state a claim [dkt 2] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                                         S/Lawrence P. Zatkoff
                                                         LAWRENCE P. ZATKOFF
                                                         UNITED STATES DISTRICT JUDGE

Dated: December 15, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 15, 2010.

                                                         S/Marie E. Verlinde
                                                         Case Manager
                                                         (810) 984-3290